Thank you, Judge Wilkinson, and may it please the Court. A reasonable jury, looking at all the evidence in the summary judgment record and drawing all inferences in Mr. Rich's favor, could determine that on October 2, 2007, Daniel Hersl lacked probable cause to arrest Mr. Rich. Now, that is the key question before the Court. All of the claims that Mr. Rich has asserted turn on, at this point, whether or not Officer Hersl had probable cause. Looking at the evidence, we see the undisputed fact that he had threatened Mr. Rich multiple times, that he had a motive to plant evidence on Mr. Rich or to make good on those threats. And the only truly disputed fact is whether or not Mr. Rich had a gun on October 2. Looking at the evidence in the light most favorable to Mr. Rich, the only person who claims to have seen Mr. Rich with a gun is Officer Hersl, whereas Mr. Rich and others around him, Mr. Rich directly denies having a gun and others around him omit that fact from their characterization of the events. The district court erred when it granted Officer Hersl's motion for summary judgment, and we ask that this Court reverse. My argument today is going to proceed in three parts, subject to where the Court wants to take me. I'd like to start with the evidence, move into your decision in Elliott v. Levitt, Judge Wilkinson, and then move to the statute of limitations issues raised in the red brief. Looking at the evidence and sort of piecing it together, we know- You did wait a rather long time, whether it's formally barred by the statute of limitations, I don't know, but you waited 13 years to bring suit? If you've got a- I realize if you've got a strong case, you don't generally wait 13 years if you think there's an injustice done. I understand your point, Judge Wilkinson, but again, I think the statute of limitations- No party has raised a latch as defense. Officer Hersl had numerous opportunities to timely raise a statute of limitations defense, which is an affirmative defense that he was obligated to plead and prove under Rule 8c. And so, despite having that opportunity, he never took it. The city of Baltimore, the Baltimore Police Department- It doesn't change the fact that you waited 13 years? It does not, Your Honor, but I don't have an answer for that. Obviously, I was not counsel below and don't know. I will say, I think the triggering event may have been Officer Hersl's arrest in 2017 and then in 2020. So, Mr. Rich brought the claim three years after Officer Hersl's arrest. I understand that is 13 years after the axing question, but under the party presentation principles, I think that it was incumbent upon Officer Hersl to raise those issues below, and he did not. Was there any evidence rebutting Officer Hersl's testimony that he saw Mr. Rich with a gun walking across the street and placing the firearm near or under a bush and walking away? And Officer Moss then confirmed that he was walking away from the bush. But there's no rule of evidence that says that a single officer's unrebutted testimony would be insufficient for probable cause, which itself is a lesser standard than beyond a reasonable doubt. I agree in general, Judge Wilkinson, that a single officer's testimony may be sufficient, but in this case, it is rebutted. Page 110, 111 of the joint appendix, Mr. Rich says he did not have a gun, and that is a he said, he said. But more than that, I think the witness statements in the record, Joint Appendix 165, 166, 167, all of those witness statements from Margaret, in particular the ones from Margaret and Michelle Crawls. And I think Margaret Crawls has since passed away, but Michelle Crawls, I understand, would be available to testify at trial, and she omits that. What other explanation is there for the presence of the gun, other than Mr. Rich leaving it there, was there any other explanation? I think there is, Judge Wilkinson, yes. Officer Herschel had, we know, in June, in July, and on August 3rd, threatened to plant contraband on Mr. Rich, specifically in two of those instances, he threatened to plant a gun on Mr. Rich, and then the latter two of those instances also happened in the 100 block of North Bond Street, which is the same place that Mr. Rich was arrested, so he's repeatedly threatening Mr. Rich in the same location, then I think there is the October 1st which a jury could infer is Officer Herschel, based on similarity of the threats, similarity of location, and so you've got threats up to the day before Mr. Rich is arrested. And I don't think that it necessarily needs to be that Officer Herschel, maybe he did recover a gun, I don't think we can dispute that. I think my contention is that the gun was planted under the bush. I don't think Officer Moss' affidavit rebutts that. All he says at 102, 103 of the Joint Appendix, is he saw- What evidence do you have for that other than speculation? Other than the threats, I don't have any direct evidence of that. I don't think we need, necessarily need direct evidence. So if you don't have evidence of that, are we in a situation where someone could always say there's an issue in dispute, but the question is, under Rule 56, is there a genuine dispute of material fact? And if you only have speculation to support this alternative plant theory, wouldn't that justify what the district court did? Because there are lots of issues, but there are much fewer genuine issues. I understand Judge Wilkinson, but no, I don't think it justifies what the district court did. The district court had the evidence of the numerous threats. And again, it's not just whether, it's not whether or not he planted the gun, but whether he had probable cause- It's all circumstantial evidence, you're saying? It certainly is all circumstantial evidence, Judge King. But again, there's no bar on surviving summary judgment with only circumstantial evidence. I think that happens- Who passed away here? Officer Herschel. Officer Herschel had terminal cancer and passed away in October. But- Does that have an impact on you going forward here? It does not. This court's decision in Dean against Shirer, 547 Fed 2nd 227. In that case, the court said that to determine whether a 1983 action survives the death of one of the parties, the court should look at 1988, 42 U.S.C. 1988. That supplies the state rule of decision, Maryland Code of Procedures- Does he have to substitute somebody? We would need, the defendant would need to substitute. Under the Federal Rules of Appellate Procedure, the defendant or the administrator would be responsible for filing the motion to substitute. So, there needs to be a substitution. I understand from my friend on the other side, the estate is not open. Was the delay in some way linked to the, I hate to suggest it, but was the delay in this case linked to Mr. Officer Herschel's medical condition? Do you mean the delay in bringing the case, Your Honor? I mean, so the delay, was it hoped in some way that the delay would prevent him testifying or make his testimony impossible? I don't believe the delay was related to that. I think that the case was filed after he was incarcerated. I don't know one way or the other, and it's not in the record whether or not he had been terminally ill. Judge King makes a point that what you have to do, what you have, what they had was direct evidence, and what you have is circumstantial evidence. And sometimes, circumstantial evidence can certainly suffice, but there's often a very thin line between circumstantial evidence and speculation. And the question I think you need to answer is, and why does this circumstantial evidence not fall on the speculation? Granted, the circumstantial evidence is important in some cases, but in your case, why does it not fall on the speculation side of the line? A couple of points on that, Judge Wilkinson. First, I think we do have Mr. We have Mr. Rich's statement contradicting Officer Herschel. And so we do have evidence that he did not have a gun. Other circumstantial evidence, I think the police reports that were recovered from Baltimore City, none of the other witnesses saw or mentioned Mr. Rich going to a bush. None of the other witnesses support Officer Herschel's narrative. Whereas, Officer Herschel has repeatedly threatened to arrest Mr. Rich, and I think that is what nudges it over the line. I think this is very different. But he's not here to testify now. No, he's not, Your Honor. He is not here to testify, but I think that is a concern for remand, just given the fact that we're here on a closed record. And he did give a deposition. I don't know what was in it other than the few pages that were in the summary judgment record, but that would be admissible. Other statements that he made under Rule 804 would be admissible because the declarant would not be available. But again, I think that this case is different, Judge Wilkinson, to your point, from Elliott, because there is, it's not just an officer saying, this is what I saw. There was some other evidence presented that bolstered the officer's story. And again, the parents in Elliott, that argument that they raised was just that the officer's story was improbable. It wasn't supported by evidence. There was no one there to say, my son didn't have a gun. Because the decedent was the one with the gun. And so, there was no direct evidence there that the individual had a gun, other than the officer's story. The officer's story was corroborated by the autopsy report. It was corroborated by fibers recovered from the gun. It was corroborated by the fact that Mr. Elliott had been seen with the same gun. Here, it's a he said, he said. And I think that throwing the case out of court based on a he said, he said, it's not just circumstantial evidence. There is precious little evidence on Officer Hursle's side as well. And so, he chose to come forward and say, I saw him with a gun. We've got a narrative- But that's partially because of this 13 year delay, is it not? Your Honor, I don't know whether or not it was due to the 13 year delay. All I know is the 13 year delay has never been brought up in a substantive way as a defense. And I would submit to the court that it's been waived. And it would be, and I hesitate to tell the court what it can't do, but under this court's precedent, if it's been waived, an affirmative relinquishment of that right. It doesn't need to be brought up as a formal affirmative defense. It's still a factor that's in the case, whether it's a formal affirmative defense or whether it's not. If it contributed to the lack of evidence, I think it's only relevant in that it- The problem is that memories fade and recollections are less precise and all the rest. And now we have the tragic situation of somebody dying of cancer in the interim. And I'm just, I think the major question you need to answer is, I'm still not clear that this, what you brought to bear on your side of the case is, it seems to have a real speculative quality. Your Honor, I don't think so. I don't think it's speculative in the same way that I think the graves case cited in my friend's brief is, the statements are completely contradicted by the record there. The case the district court cited, Shravinsky, there's just no evidence. And so you're building inference on inference. And here, I don't think that that sort of, when you talk about speculation, I think what it really means is, are you stacking inferences on one another? And here we have evidence that Mr. Herschel, or excuse me, we have evidence that Mr. Rich didn't have the gun. We have evidence that Officer Herschel repeatedly threatened to do just this to him, and that is, I think I concede in the opening brief, I think that's thin evidence, but I don't think it's speculative evidence. I think that's sufficient evidence to nudge it over the line to allow a jury to make that inference, because as to Judge King's point, we try cases based on circumstantial evidence all the time. And to your point about the evidence, the quality of the evidence fading, memories fading, again, that is the policy rationale embraced by the statute of limitations, and I think that the court- So you have a, you say, well, in the past, he did this, and he did that, and everything. But that doesn't speak to this particular case. No, it does not speak to the case. But I think that the fact that there is, I see I'm out of time, may I respond? You have some rebuttal. Yes, Your Honor. Good morning, Your Honors, and may it please the Court. My name is James Corley, and I and my colleague, Michael Redmond, are here on behalf of Appellee Daniel Herschel. Your Honors, the court should affirm the lower court decision because plaintiff has presented zero evidence that contradicts the idea that Mr. Herschel recovered a gun. The only, my colleague says that the only fact that is in dispute is whether Mr. Rich had a gun, that is not true. There are two facts in dispute, whether Mr. Rich had a gun, and whether Officer Herschel previously threatened him. But we have to take those threats as true at the summary judgment stage. But it doesn't change the fact that simply because he had threatened him on a prior date, Mr. Rich has presented no evidence as to how the gun got there. What we have is uncontradicted testimony from Officer Moss, that they were on top of a roof, that Officer Herschel said, I see Mr. Rich with a gun, that Officer Moss turns around and sees Rich walking from the exact space that Herschel said he was coming from, and where they- He did not see a gun. He, correct, Your Honor. Officer Moss did not. That is correct. He did not see a gun. All that Herschel saw with a gun was Herschel. That is correct. He's the person that they allege threatened to plant a weapon on him, correct? Allegedly, yes, Your Honor. Everything is allegedly, right? And at this point, what emphasis do we draw in favor of? You're correct, Your Honor. We have to take the threat as true that Herschel had previously threatened to plant a gun. However, there is no evidence to suggest that a gun was not recovered. And Mr. Rich- There is evidence to suggest, there is evidence. In other words, he said, I'm going to plant a gun on you. Two months later, you said, oh, I found a gun you put in the bushes. That's not evidence? Now, you don't- The trial faculty have to decide that, but that's certainly evidence. I don't dispute that Mr. Rich's testimony is evidence, Your Honor. But Mr. Rich does not contradict that a gun was recovered. And in his briefing, has acknowledged that it is entirely possible that Herschel recovered a gun and misattributed it to him. The gun does not have to be Mr. Rich's. The standard for probable cause is whether an officer, based on the totality of the circumstances, has reason to believe that the suspect has been involved in criminal activity. Didn't Mr. Rich say, I didn't have a gun, I didn't put a gun there? Mr. Rich has said that, yes. Okay, I didn't put the gun there. He said it, threatened that he would plant it, or there's evidence of that. What is the fact that there was a gun there, found there, counseled there? I mean, if you plant a gun, and I didn't have one, a gun would still be there. You act like just because a gun was there means, clearly, it doesn't make any difference. It's still connected in terms of circumstantial. Your Honor- I was going to tell you if I was going to plant a gun on you and then two months later I said, ooh, here's a gun here, I found it in the bushes. And you said, I didn't do it. You're saying that, matter of fact, motive is always an issue, right, in prosecuting cases? Under 404, yes, information about a person's character or their threats can be used to prove motive. But there is, Mr. Rich has not presented a motive for planting a gun in this case. He's said that I've threatened it, Herschel threatened him, but there's no reason for Herschel to put it, especially if Herschel's trying to get him to become a confidential informant. He would have no reason to undermine his credibility by planting a gun on him. But this was a strange case, and I'm surprised Mr. Edwards didn't even mention it at all. Is this the usual case here with a police officer? Absolutely not, Your Honor, and- Absolutely not, and talk about speculation. Is speculation that he said that, that someone said that he would plant a gun on him, is that speculation in terms of the whole context of this case? Well, Your Honor- That's the question. Is that speculation? Because Judge Wilson said this is speculation. It is speculation as to whether the gun was planted. Because all Mr. Rich can say is, I did not have a gun. He does not present any testimony as to how the gun got there, whether Mr. Herschel was in the area at any time prior to the recovery of the gun. No, there's no fact saying that I saw Herschel with a gun prior to the arrest. What you have is Mr. Rich saying, I didn't have a gun. So the criminal convictions in the past make no difference in this case, you're saying? Which criminal convictions, Your Honor? Involving police activity. Well, there's no evidence in this record as to prior criminal convictions. The only criminal convictions related are either the four prior convictions that Mr. Rich admits that he had in his interrogatory answers on record at page 110, including possession of a firearm. And he acknowledges that Officer Herschel and Officer Moss knew of his prior contacts, so they- But a trial, would that be admissible, you think? I'm not sure, Your Honor, but it's not relevant. Because the issue here is what- It's not relevant because you're saying that we'll take all the inferences in your favor. You're right if you say we'll discount that he said that he didn't have a gun. We'll discount that somebody said that he was going to plant a gun. If we discount all of that, you're right, there is no case. But you're drawing all the inferences in favor of your client, aren't you? I don't believe so, Your Honor, because I'm accepting the fact that if we accept that Herschel threatened Mr. Rich, all we have are statements from prior dates. There's no allegation or no evidence that he ever acted on those threats. Well, every threat is prior. But without- Do you know if a threat is not afterwards? I understand your- They're all prior. I mean, it makes no sense. I mean, it's prior. And the actual thing that he said he was threatened to do, lo and behold, that's what happened. Oh, you have a gun. I don't understand the disconnect in terms of the inferences drawn there. I understand you represent your client, and you're doing a good job in terms of advocating for him, but our role here is not to just do away with it. For example, why didn't you assert statute of limitations? Your Honor, candidly, I did. I represented the other 14 individuals at trial. Mr. Herschel hired his- Like I said, you only have one client here today. Why didn't you file something? I cannot speak for why- So you can't even speak for that, right? I do not know why Mr. Herschel would not have filed a statute of limitations to defense. I know that the- You agree with party presentation, right? It's very important. The Supreme Court, I can tell you, recently said that's important, prior presentation. I mean, party presentation, right? Yes, Your Honor, but the issue is whether or not the court and the opposing party have the opportunity to defend against the issue. If the issue was never raised and nobody, Mr. Rich did not have the opportunity to present a legal argument, that would be one thing. The Supreme Court has said time and time again that probable cause is a distinctly different standard from beyond a reasonable doubt. And you're not in the business of trying to try an individual prior to making an  The Supreme Court has said we do not want to construct a high bar out of the probable cause standard. And the question is whether a reasonable police officer had reason to believe that it was more likely than not that individual, Mr. Rich, was in possession of a gun. And how could it be anything other, in light of the observations that the officer made, how could it be anything other than a reasonable belief that it was more likely than not, not with a- we're not asking for certitude, we're not asking for a definitive conclusion to something, we're simply asking whether it's more likely than not that Mr. Rich was the owner or the possessor of the gun. And how could it not be in light of the observation? Your Honor, I agree with you. The other issue here is the fact that there were at least 11 individuals in this area. Mr. Rich himself, he states that five police officers arrived, including Mawson Herschel, he identifies four individual friends he was with, as well as Mrs. Crawls and her daughter. There's no evidence as to how the gun got there. So assuming that a gun was recovered, it was either Mr. Herschel's, or excuse me, Mr. Rich's, it was one of his friends, Officer Herschel planted it, or a unknown third party planted it. The only thing that happens when Mr. Rich says the gun isn't mine is he makes number one in dispute, whether the gun was Mr. Rich's. Him saying, I didn't have a gun, does nothing to prove or disprove whether the gun was his friend's, whether Herschel planted it, or whether someone else did. And the fact that he has a complaint, he filed a complaint against Officer Moss on about two weeks prior to this arrest, claiming that he was going to threaten him, or that he threatened to plant stuff on him. Moss is in the area as well. So why say, Herschel threatened me, I had a gun on me. So Herschel must have planted it. He doesn't have to own the gun. The question is one of possession. Correct, Your Honor. It doesn't even have to be his. Ultimately, the trier of fact can determine that it wasn't his. It's whether Officer Herschel, at the time. But ownership is not an issue. The only thing that's his issue is possession. And when you have the combined testimony of Officer Herschel and Officer Moss, and particularly with Herschel, that someone had a gun, put it under a bush, walked away, Moss confirms that to the limited extent that he saw him walk away. The question is, is it more likely than not that he was the possessor? Whether he's the owner or not, doesn't matter. The question is, under the probable cause standard, as it's been articulated by the Supreme Court, is it more likely than not that Mr. Rich was the possessor? Well, common sense will tell you, and common sense is supposed to feed into probable cause. Common sense would tell you, yes, it's more likely than not that he was the possessor. That's all that's the issue. That is correct, Your Honor. Well, that's not true, Counselor. That's not all this issue, is it? The question is really an issue in this case. I don't know why I'm avoiding it. It's the honesty of the police officer. And it's in question. And so this is not a case where we're saying, oh, did the police officer actually make a mistake? Or is this probable cause? The question here is the honesty of the police officer. And it's evidence that they've alleged that he was going to plant a weapon. And also in terms of conversation with another person about a weapon before the situation, made a complaint. It's the honesty of the police officer. What would be the question is that, I guess my dear friend, Judge Wilkinson, would say that you would have no defense in any case where a police officer said you had a gun. Well, you had the gun. Well, no, I didn't have the gun. And he said two months ago he was going to plant one on me. And all the court have to say, well, that's what you said. But we don't look at the honesty of the officer at all when you have other people who said otherwise. This is not the run-of-the-mill case. I agree, Your Honor. One of the things that needs to be noted, though, is that Mr. Rich's allegations that Officer Herschel planted a weapon on, or that he threatened to plant a weapon on him, none of those exist in the record anywhere until the day after his arrest. Conveniently, Officer Moss arrested him on September 10th. And on September 21st, Rich called IA and filed a complaint saying that Officer Moss threatened to plant something on me. Officer Herschel arrests him on October 2nd for possession of a gun. And on October 3rd, Mr. Rich has his girlfriend call IA and say he's been threatening him for months. There's nothing in the record that shows that any allegation of a threat to plant any weapon on him was made until after the fact. So what Mr. Rich is asking this court to hold is that any plaintiff who was arrested for possession of a gun, if after they're arrested, they simply say, he threatened to plant that on me last week. That alone, that self-serving, uncorroborated statement is enough to defeat summary judgment. That is what Mr. Rich is asking. This is not any officer case, is it? Based on the record, I think we need to distinguish what is in the record here, Your Honor, and what is in the zeitgeist. Obviously, the GTTF looms large over this case. However, Mr. Rich has to put evidence before the court as to what he wants them to consider. And there's no evidence in here of any crimes against Mr. Herschel that are relevant. Mr. Rich, in his opening brief, states that while Officer Herschel was convicted of racketeering in 2018, he specifically states his racketeering crimes do not appear to have started until 2014 or 15. Seven years after this arrest, Mr. Rich has put nothing into this record aside from his own allegations that Herschel threatened him. That's the only thing in the record as to Officer Herschel's credibility in this case. And we have to be limited by that record in what the plaintiff puts before the court in a Rule 56 motion. I'd like to address your issue as a statute of limitations, Judge Wilkinson. As noted, Mr. Herschel's counsel at the lower level did not raise that. However, it was raised by 14 of the 15 defendants, and it was opposed by Mr. Rich and argued. And the court found that it was statute barred, because at the time that his charges for possessing a gun were nullprossed, he knew that he had a claim, and he did not bring a claim for 13 years. Judge Hollander ruled that the case was time barred, and Mr. Rich has not appealed that finding. The question is whether or not this court can use that as an alternate ground. And it can to prevent a manifest injustice. In this case, you have the city of Baltimore funding a defense for an officer who is now deceased. You have one of the primary witnesses that Mr. Rich points to is also deceased. And all of the testimony before the court from Ms. Brown and Ms. Crawls is from unsworn, unauthenticated summaries written by another detective after the fact. You're saying we have to decide that this is a manifest injustice to let him proceed at this stage? I'm not saying that you have to, Your Honor. I'm saying that- No, in order to grant relief under a statute of limitation. I'm saying that the precedent of this court is that you can affirm the lower court's decision on any grounds that's readily apparent from the record. And it is very clear from the record that there's been a judicial finding that the case is time barred. And Mr. Rich has not appealed that finding. So to the extent that there's a question- And you say Judge Hollander made that finding? Judge Hollander made the finding that it was time barred. And this court, in the case of Demetric Simon, relied on that finding to hold the same thing. And that if a person is arrested for the possession of a firearm, when their case is null-prossed, at that moment is when their case accrues because they knew that the gun was not theirs if it wasn't. So in this case, if the court does not want to deal with the issues of the threats or anything else, there's a judicial finding on the record that the court can fall back to that the case is time barred. And the idea that we- But not as to him personally. The case is time barred as to everyone, Your Honor. The dates don't change. Whether the- Well, there was a finding as to him individually. There was a finding that- No motion was made for him for statute of limitations. That is correct, Your Honor. Why are you saying that as a judgment as to him? That's not true as to him individually. I didn't- I apologize if my statement was unclear. I'm not saying that there was a judgment in his favor. I'm saying that there was a judicial finding on the record that the case itself is time barred. On the same set of facts? On the exact same set of facts. The dates that Mr. Rich was arrested and Nalpras do not change between the defendants. And 14 of the 15 defendants were dismissed because the case was filed well after the statute of limitations. Under the Local Government Tort Claims Act, the city of Baltimore is required to provide a defense for Officer Herschel. In this case, I'm defending him. In the lower court, we paid for his defense. But his case wasn't dismissed. Excuse me, Your Honor? His case was not dismissed. Correct, Your Honor. What did- what did- do we know why? Maybe there was a reason that it wasn't. I cannot speculate as to why he did. But it makes- there is zero tactical reason why a diligent defendant would not have their case dismissed at the motion to dismiss stage and choose to go through litigation for two years on a case that is time barred. Other than his attorney failed to file a relatively simple defense. And in this case, the court is allowed to affirm on those alternate grounds. And you can disregard any waiver or forfeiture based on the fact that- Do you have a case that says that? I do, Your Honor. Court's indulgent for one moment. In this case, this court itself, in three different cases, Helping Hand in 2005, Rice v. Rivera in 2010, and US v. Holness in 2013, has said that this court retains the inherent authority to consider and decide matters that otherwise may be ignored as abandoned or waived and under appropriate circumstances can disregard a party's inattention to a particular issue. If we- if this case is remanded, it's going back to trial with a dead defendant, a dead witness, inadmissible hearsay as to anything that is testified to other than Mr. Rich's testimony. What Mr. Rich is asking- I know you can't forecast what the trial is going to be. Well, I can forecast that Ms. Crawls, as Mr. Rich has declared her deceased in his interrogatory answers, her testimony cannot be resolved into an admissible form. She did not give a deposition. She did not give an affidavit. When you waited 13 years, the chance- if you're not talking about 5 years, we're not even talking about 10 years. We're talking about 13 years. And when you wait that long, the chances of a just decision and a fair decision diminish substantially. And the chances that the decision is going to be characterized by- well, in this case, we have a deceased witness. In other cases, we have hearsay and recollections fade and everything. This is- I don't- I don't- I cannot recall something where an arrest was made and it was 13 years before something was filed. And during that period of time, the chances of an accurate determination and a fair determination diminished substantially. MR. CLEMENT I agree, Your Honor. And I see my time is up.  MR. CLEMENT Thank you, Your Honors. THE COURT Mr. Edwards.  EDWARDS Thank you, Judge Wilkinson. Just a few points on rebuttal. I want to start with the statute of limitations issue you brought up, Judge Gregory. I- this Court's acknowledged that for years it has used waiver, forfeiture, abandonment in sort of an interchangeable way. The Stokes decision we cite clearly defines waiver, clearly defines forfeiture. Waiver is a knowing relinquishment of a right. And here, there is no question that the right was all over the docket and in Herschel's face, and he never moved to dismiss on the basis of the statute of limitations. That's waiver, and the Court cannot set aside waiver. Even if it's forfeiture, Lavabit says that that standard is higher than plain error in United States v. Delano, and I don't think that they've shown that here. Finally, Lavabit talks a lot- Enri Underseal talks a lot about the respect due to district courts. The district court found that this defense had been waived. The district court said you cannot assert it because you slept on your rights. And my friend on the other- my friend has not tried to explain why that decision is wrong, and so I would submit to you that affirming on the basis of the statute of limitations would be trampling on the district court, and it would be violative of the party presentation principle. I am sensitive, Judge Wilkinson, to your concern- It would be overturning the district court on a matter that was not raised before the court. That's right. It was never ruled on on the merits. The question of whether it is formally asserted as an affirmative defense, that means we wouldn't do it on that ground. But on the other hand, it makes no sense to say that we must entirely ignore a fact that, as far as I can see, is undisputed from the record. That it would, for 13 years, transpired between the arrest and the filing. Now, we're just supposed to close our eyes to a fact in the record. It may be waived as a formal affirmative defense, but that doesn't mean you read something out of the record. And the record here shows a delay that is simply bound to compromise the quality of justice that is rendered on a remand. It is bound to compromise what we're all about, which is to have accurate, fair, and balanced decisions based on the evidence. Respectfully, Judge Wilkinson, the court is supposed to resolve the arguments put to it by the parties, and that argument has not been presented below. And so it would violate the party presentation principle. The court has said it can set aside party presentation only if it needs to get to some fundamental underlying legal question. So it can't get the law wrong. But I'm not asking you to get the law wrong. I'm asking you to hold Officer Herschel to his failure to assert this defense. He's dead. And his lawyer- What kind of trial is that going to be? The man is dead. Your Honor, the trial management issues are for the district court, not this court. Does the 1983 claim survive? It does. Maryland Judicial Code 6401. Does that govern by Maryland law? Yes, Your Honor. It does. Judge Wilkinson, I also want to address two other points I think you raised. One is probable cause. Herschel never raised below the prospect that the gun might be somebody else's. He says the gun is Mr. Rich's. And so even if we accept that he found a gun, the dispute is whether or not Mr. Rich had the gun, and Mr. Rich said he did not have the gun. And so it's not just about whether he sees the gun, but whether he can reasonably tie Mr. Rich to the crime of possessing a firearm by a felon. And just saying, I saw it, we've got a he said, he said. And I think my friend is asking you to draw inferences against my client by ignoring his statement and elevating Herschel's. There's always a flat denial. But the question is, there's a flat assertion. But the question is, what's behind the flat assertion? Is there some foundation to the flat assertion? Is there some evidentiary basis for the flat assertion? There's no basis for either assertion, Your Honor. I think that Herschel's assertion is, I saw him. Moss doesn't credit that. We don't dispute that he walked from the west side of Bond Street to the east side of Bond Street, which is all Officer Moss says. Herschel is the only one that can support the inference he has a gun. But all the other witnesses, all the other statements given to police, omit that he dropped a gun near a bush. Everybody says, I never saw a gun in these other statements. Finally, yes, there is a motive. Herschel had threatened Mr. Rich. And Mr. Rich had called the Internal Affairs Division. Thank you, sir. Thank you, Judge Wilkinson. Let me ask my colleagues if they have any questions. I'd like him to finish what he was about to say about the motive. Go ahead. The evidence in the record suggests, Judge Gregory, and I think it's 160 through 170 of the joint appendix, that Herschel had, not only had he threatened him, but when he threatened Mr. Rich, particularly on August 3rd, Mr. Rich called 911. And so Herschel knows that if he's trying to, maybe he's originally trying to get Mr. Rich to go state's evidence. But by the time we have this 911 call, by the time of the August 3rd interaction, he knows Mr. Rich is reporting him up to his supervisors. And so you've got motive. You've got threats. And you've got a dispute of fact about whether or not Mr. Rich planted the gun or had the gun. And I think that's enough to send the case to trial. We'd ask the court reverse. Judge, do you have any further questions? We want to thank you both. And we'll come down and greet counsel and then move directly into our next case.
judges: J. Harvie Wilkinson III, Robert B. King, Roger L. Gregory